# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Mutchler & Canning }
                       }       Docket No. 134-8-03 Vtec

Appeal of Mutchler, Canning & }
Wilkins                        }       Docket No. 260-11-02 Vtec
                                      }

## Decision and Order

Appellants William Mutchler and Crystal Canning appealed in Docket No. 134-8-03 Vtec from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Burke, granting the application of Scott and Mildred Chappell for a variance[1] for a building to house a business office, storage and carpentry shop on an existing small lot. In Docket No. 260-11-02 Vtec, Appellants Mutchler and Canning (and an additional appellant, Brenda Wilkins), had appealed from the grant of an earlier variance application for the same property.

Appellants are represented by Robert R. Bent, Esq.; Appellee-Applicants Scott and Mildred Chappell are represented by Peter J. Morrissette, Esq. (when used in the singular, Appellee-Applicant refers to Mr. Chappell); and the Town of Burke is represented by Jill L. Broderick, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit alone, by agreement of the parties. The parties made oral argument on the record. Upon consideration of the evidence, the site visit, and the argument of the parties, the Court finds and concludes as follows.

Appellee-Applicants Scott and Mildred Chappell own a small (approximately .37-acre) and narrow piece of property between Kirby Road and Dish Mill Brook, in the Town of Burke. It is bounded on the east by property of Norcross, on the north by the brook, and on the south and southwest by the road, which curves around to meet the brook at the most westerly point of the property just before a bridge over the brook. After a proposed property line adjustment between Appellee-Applicants and Norcross to conform the road frontage of the property to language in a deed, the property will be smaller in size, but will continue to exceed an eighth of an acre.

The property contains a dilapidated shop building, originally a blacksmith's shop, located very near to both the stream and the road, near the bridge. In its present condition it poses a hazard to passers by and may collapse into the stream or the road if left in its present location. It has been abandoned for a longer period of time than would allow its reconstruction under the provisions of Article 4 of the Zoning Bylaws, but in any event Appellee-Applicants do not wish to build in the same location.

The property qualifies as an existing small lot under the zoning regulations, and may be developed for any purpose otherwise allowed for the property, despite lacking the minimum lot area or width. § 301. We note that this section only provides an exception for the minimum lot area and width. That is, any proposal must otherwise qualify for approval under all the other

dimensional and use requirements of the regulation, or must receive a variance. In order to build in the location in which Appellant-Applicants wish to build, they require a variance from the front, side and rear setback requirements of the Zoning Bylaws. They propose a 35-foot setback from the centerline of the road in the front, a 25-foot setback from the rear lot line (which is the edge of the stream) at one corner of the proposed building, and at least a 25-foot setback from the easterly (Norcross) property line (after the boundary adjustment, or 60 feet if the boundary adjustment does not occur). The setback distance that would otherwise be required depends on the use of the property. The actual proposed use of the property appears to be closest to that of a home occupation (an office and workshop for Appellee-Applicant's own carpentry and general contractor business), except that the property is unable to be developed for a dwelling. The proposed use of the building is most closely categorized either as an office with accessory shop and storage, or as a very small light industry use with an associated office and storage.

If the property could be developed with a dwelling, only the front setback variance would be required. However, the limiting factor for its development for a dwelling is an area capable of disposing of at least 420 gallons per day in on-site septic disposal. After applying the 50-foot stream setback and the 50-foot water line setback to the septic system (required by state regulations), an area suitable for the disposal of only approximately 60 to 90 gallons per day is available on the property. This amount is suitable for a business office or workshop only occupied for work on an 8-hours-per-day basis, by no more than approximately four people.

The neighborhood is basically residential with a number of home occupations. The neighboring property has a general contractor's workshop in a garage building. Appellee-Applicant proposes to build a two-story shop, storage and office building, having the appearance of a residential building. The shop portion of the building is 24 feet wide and 32 feet in depth, with sliding doors on the front and back walls to allow for handling oversize lengths of lumber. The remainder of the ground floor of the building is designated for storage and a half bathroom (toilet and sink only), set back behind a front porch. The upstairs of the building has an office above the shop, and additional storage and another half bath. Appellee-Applicant only expects to be using the shop portion of the building once or twice a week, as an adjunct to his contracting and carpentry business, not as a separate fabrication business. Most of Appellee-Applicant's fabrication work is done at the job site, but Appellee-Applicant proposes to furnish the shop with appropriate machinery to allow him to cut and custom-mill the lumber necessary for his carpentry jobs. Appellee-Applicant proposes to operate machinery within the shop from as early as 7 a.m. to as late as 5 p.m. on weekdays, and to use the office at the property as well in the evenings. Appellee-Applicant was not sure whether Saturday operation would occur either for the shop or the office use.

In order to qualify for a variance, Appellee-Applicant must meet all five requirements of § 806 of the Town of Burke Zoning Bylaws:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of a lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning regulation in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That the unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare; and,

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the zoning regulation and from the plan.

Appellee-Applicants' property meets all of the standards for issuance of a variance from the setback requirements. It is unusually narrow and small, and is further constrained by its location between the brook, the road, and the bridge. The hardship inherent in its shape and size was not created by Appellee-Applicants. The property cannot be developed in strict conformity with the zoning bylaws and cannot be developed for a dwelling, which would only have required a front setback variance. It could not be used for a farm stand as that would have much more traffic than the proposed use. The requested variance is therefore the minimum necessary to make a reasonable use of the property, and the least deviation from the zoning bylaws. The requested variance will not alter the essential character of the area or impair the use of neighboring property, or reduce access to renewable energy resources or be detrimental to the public welfare, as the proposal also requires conditional use approval, and suitable conditions could be imposed to limit the use of the property to the equivalent of that allowed for a home-occupation-type of office and shop, consistent with other neighborhood uses.

Appellants are concerned that noise from the machinery will disturb their enjoyment of their residence, which is located across the street and directly uphill from the property. Over the longer term, they are concerned that the use could expand on the property to be a full-fledged industrial use with too much traffic and noise for this neighborhood. These are concerns that could be addressed with appropriate conditions in a conditional use proceeding, such as conditions that would restrict the use of the property to that accessory to Appellee-Applicant's business and appropriate for a home occupation in a residential neighborhood, including limitations on the number of employees, the hours of operation of the shop machinery, or requirements that the shop doors be closed during machinery operation except as necessary to handle oversized lumber. Any expansion of the conditional use beyond those limitations would then have to be the subject of a future amendment application under whatever zoning bylaws are in effect at that future time.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' application for a variance from the front, side and rear setbacks is GRANTED.

Because Appellee-Applicants' application did not check "conditional use" and because the public hearing was not warned as a conditional use application and because the ZBA did not rule on conditional use approval, this Court cannot rule on conditional use approval. They are free to apply to the ZBA for that approval. However, if the ZBA's ruling on conditional use approval is again appealed, we will waive the filing fee, will expedite the consideration of the case and, if no other parties come into such appeal, will determine whether the parties wish the Court to rule on that appeal on the basis of the evidence already taken in the present appeals, together with any supplementary evidence, to avoid unnecessary duplication of effort.

Dated at Barre, Vermont, this 9th day of September, 2004.

_____

Merideth Wright

Environmental Judge

---

**Footnote**

[1.] The application form requires an applicant to select either 'variance' or 'conditional use' and does not provide for an application for both, although in the present case Appellee-Applicants needed both a setback variance and conditional use approval, and it would have been much more efficient for the ZBA to have considered the application under both the variance standards and the conditional use standards.